IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH R. SAAVEDRA,

      Applicant,

v.                                                    No. CV 08-0746 JH/WPL

TIM LEMASTER, WARDEN,

      Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

      This matter is before the Court on Applicant's application for writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254 R. 4 (requiring dismissal where "it plainly appears . . . that the petitioner is not entitled to relief"). Applicant apparently is "in custody pursuant to the judgment of a State court," § 2254(a), but he makes no allegation of unconstitutional conviction. He alleges only that he has been held in segregated confinement for extended periods of time. Applicant's pre-printed form application has a prayer for "such relief to which he may be entitled," and he does not specify the relief he seeks.

      Whether Applicant is seeking release from confinement or merely equitable relief from his level of custody, his allegations of segregated confinement do not support claims that are cognizable under the habeas corpus statutes. "Challenges to the fact of conviction or confinement or the duration of confinement are cognizable only under the habeas statutes, while section 1983 actions are typically the proper vehicle for attacking unconstitutional conditions of confinement and parole procedures. Because [Applicant's application] unquestionably seeks to challenge conditions of confinement, it must be brought as a section 1983 action." *Woodruff v. Everett*, 43 F. App'x 244, 245 (10th Cir. 2002) (citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993); *Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991)); *and cf. United States v. Garcia*, 470 F.3d 1001, (10th Cir. 2006) (ruling that federal prisoner's request for transfer must be brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)). Applicant's

pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992), and the Court will dismiss this habeas corpus application without prejudice to his right to pursue relief under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that Applicant's motion to proceed in forma pauperis (Doc. 2) is GRANTED, and Applicant may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Applicant's application for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice to his right to pursue relief under 42 U.S.C. § 1983, and this proceeding is DISMISSED.

                                                                                                                                                                                _____
UNITED STATES DISTRICT JUDGE